UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                     Case No.: 10-2634 MJ

DAVID PETER ROUNBEHLER,

        Defendant.

ORDER DENYING AMENDED MOTION FOR PROTECTIVE ORDER

**THIS MATTER** is before the Court on the United States' *Amended Motion for Protective Order (Doc. 31)*, filed December 10, 2010. The Court ordered briefing on the motion [*Doc. 32*], and the United States filed *United States' Brief in Support of Motion for Protective Order (Doc. 31) (Doc. 33)* on December 16, 2010, and Defendant filed *Defendant David Rounbehler's Opposition to Government's Motion for Protective Order (Doc. 36)* on January 3, 2011. The United States did not file a reply and the deadline for doing so has passed. Having considered the motion, brief in support of the motion, response, relevant law, and the record of this case, the Court **FINDS** that the motion is not well-taken and should be **DENIED**.

    In its motion, the United States asks for a protective order "restricting disclosure of certain photographs of children taken in public places" pursuant to Fed. R. Crim. P. 16(d)(1). [*Doc. 31* at 1]. The United States contends that these "non-sexually explicit images of children taken in public places, such as a mall, an airport, and the New Mexico Farm and Ranch Heritage Museum in Las Cruces, New Mexico . . . were taken surreptitiously, without the subjects' consent." *Id.* The United States further states that it has provided Defendant's counsel with unrestricted access to the

1

photos, and that it "is willing to provide defense counsel with as much additional access, in a government facility, during normal business hours, as necessary for Defendant to prepare his defense." *Id.* at 2. In support of its argument, the United States relies on Fed. R. Crim. P. 16(d)(1), which states that "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." [*Doc. 31* at 2] The United States contends that because Defendant is charged with sexually exploiting children by collecting and distributing sexually explicit images, "[t]hese children and their parents would not want Defendant to retain their images, and the United States has an interest in protecting children whose images Defendant captured without their consent." *Id.* at 3. The United States asks the Court to "enter an order providing that the Government is not obliged to provide Defendant with copies of Exhibits 13, 14 and 15 and restricting Defendant's access to Exhibits 13, 14 and 15." *Id.* at 3.[1]

After being ordered by the Court to submit a brief in support of its motion to provide authority to support its position, and to provide descriptions of the images at issue [*Doc. 32*], the United States filed a brief in support of its motion in which it states that "[t]he sole authority relied upon by the United States in support of its position" is Fed. R. Crim. P. 16(d)(1), and that it "is unable to cite any additional authority applying that rule, or any other authority, to protect minors' privacy interests where the images at issue do not constitute child pornography." [*Doc. 33* at 1]. The United States then states that it is seeking protection for photographs and videos, and describes

---

[1] In its motion the United States describes Exhibits 13, 14 and 15 as non-sexually explicit photos and videos of children taken in public places. [*Doc. 31* at 1-2]. In its brief in support of its motion the United States provides a more detailed description of these images and videos. [*Doc. 33* at 2-4]. These exhibits are also referred to as "evidence items 13 and 14 and disk 2 of item 20" in an e-mail attached to Defendant's response to the motion. [*Doc. 36-1* at 4]. The Court does not have copies of all of these exhibits or evidence items, but the United States attached 63 images to its brief in support of its motion, which may be images from these exhibits or evidence items.

the photographs and videos from Exhibits 13, 14 and 15, and attaches 63 images to its brief in support of its motion. [*Doc. 33* at 2-4, and *Docs. 33-1, 33-2,* and *33-3*].

In his response, Defendant asks the Court to deny the United States' motion because the United States is required pursuant to Fed. R. Crim. P. 16(a)(1)(E)(iii) to either provide Defendant with copies or permit Defendant to make copies of the images and videos at issue. [*Doc. 36* at 4-5]. Defendant states that these images fall under the current protective order entered in this case [*Doc. 18*], which already provides the privacy protection the United States seeks in their motion for a second protective order. *Id.* at 6. Defendant explains that the current protective order allows defense counsel to show non-sexually explicit images to potential witnesses, but counsel "may not publish or otherwise disseminate [those images.]" *Id.* Defendant further contends that because the United States has already shared some of the images with its witnesses, and because it made some of the images public by attaching them to its brief in support of its motion, "there is simply no rational basis for asserting that providing the defense with copies of the images and permitting counsel to share them with selected witnesses to prepare Mr. Rounbehler's defense (as contemplated by the October 26 protective order) will further violate the children's right to privacy." *Id.* Defendant explains that, even though Fed. R. Crim. P. 16(a)(1)(E)(iii) does not require a showing of materiality to trigger the government's obligations of production under Rule 16(a)(1)(E)(iii), the images are relevant to his defense because the United States has taken some of the images out of context to argue for Defendant's detention, and defense counsel seek to have copies of the images "at their office for ready access in preparing the defense and to show them to relevant witnesses who might identify the subjects and the context (as well as the photographer)." *Id.* at 8-9. Defendant further states that, even though the United States asserts that only Exhibits 13, 14 and 15 are at issue, the United States has not produced any of the seized photographs or videos that it is required to

3

produce under Fed. R. Crim. P. 16(a)(1)(E), and Defendant asks the Court to order the United States to provide defense counsel with copies or an opportunity to copy all non-pornographic photographs and videos seized from Defendant's home. *Id.* at 5 n.4.

Pursuant to Fed. R. Crim. P. 16(a)(1)(E), upon a Defendant's request, the United States must allow Defendant "to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions or any of these items, if the item is within the government's possession, custody, or control and . . . the item was obtained from or belongs to the defendant." Pursuant to Fed. R. Crim. P. 16(d)(1), "the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Counsel for the United States contends that there is good cause to restrict defense counsel's access to the images and videos because, based on the nature of the charges against Defendant, the children depicted and their parents "would not want Defendant to retain their images, and the United States has an interest in protecting children whose images Defendant captured without their consent." [*Doc. 31* at 3]. However, the United States fails to explain how the current protective order [*Doc. 18*] is not adequate to protect those very interests. The current protective order states that "defense counsel shall not reproduce the aforementioned materials . . . or the information contained therein except as necessary in connection with this case," and that "defense counsel and defendant may not disclose any materials subject to this motion to any person except as necessary to defendant's defense of this action." [*Doc. 18* at 1]. The United States specifically referred to these images in its motion for entry of the current protective order, so it was obviously aware of these images when it requested the current protective order. *See* [*Doc. 16* at 1] ("The United States will also be disclosing apparently random photos of children in public places, such as malls and airports, that Defendant is alleged to have taken."). The Court also notes that because the United States attached copies of

4

63 of these images to its brief in support of its motion, which was not filed with any restricted access, the United States' contention that it is trying to protect these images from being made public is not persuasive.  Moreover, while the current protective order only prohibits Defendant and defense counsel from disclosing materials subject to the protective order, it is unfair and inconsistent that the United States is willing to publish these images to the public and others while, at the same time, trying to prevent defense counsel and Defendant from having copies of them to prepare a defense.  The Court finds that because the non-sexually explicit images and videos are subject to Fed. R. Crim. P. 16(a)(1)(E)(iii), and because the United States has not shown good cause to prevent the images and videos from being provided to defense counsel, subject to the current protective order now in place, the United States' motion should be denied.  The Court will further order the United States to either provide copies of or make available for copying all such materials to defense counsel as required by Fed. R. Crim. P. 16(a)(1)(E).

**IT IS THEREFORE ORDERED** that the United States' *Amended Motion for Protective Order (Doc. 31)* is **DENIED**.

**IT IS FURTHER ORDERED** that the United States shall immediately provide copies of or make available for copying all non-sexually explicit images and videos obtained from or belonging to Defendant that have been requested by Defendant, as required by Fed. R. Crim. P. 16(a)(1)(E), which shall be subject to the protective order [*Doc. 18*].

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**